UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 08-5554-VBF(CWx)**                                    Dated: **October 20, 2008**

Title:    City of Los Angeles -*v*- AMBAC Financial Group Inc., et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Kendra Bradshaw | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                None Present

**PROCEEDINGS (IN CHAMBERS):**           **TENTATIVE RULING RE PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

The Court has received and read the Motion for Remand to State Court filed by Plaintiff City of Los Angeles, the Defendants' Joint Opposition, and Plaintiff's Reply (along with Plaintiff's Request for Judicial Notice and the declarations submitted by the parties).

The Court's tentative is to **grant** Plaintiff's Motion on the grounds that Defendants do not meet their burden of showing that Individual Defendants Jason Kissane and Neil Pack are fraudulently joined—Defendants' sole basis for removal to this Court. As Plaintiff asserts, complete diversity is not present, federal question jurisdiction is not present, and remand to Los Angeles County Superior Court is proper.

MINUTES FORM 90                                              Initials of Deputy Clerk   kb
CIVIL - GEN

The Complaint was filed in Los Angeles County Superior Court on July 23, 2008, and named as defendants six insurance companies and two Individual Defendants, Jason Kissane and Neil Pack. The Complaint names the Individual Defendants in the fourth cause of action for Negligent Misrepresentation and in the sixth cause of action for violation of the Cartwright Act.

On August 22, 2008, Defendants filed a notice of removal based on diversity of citizenship between the City and the Insurer Defendants, contending "fraudulent joinder" of the Individual Defendants (the only resident Defendants). Complaint ¶¶ 32, 33.

To prevail under the theory of fraudulent joinder, essentially "[t]he defendant must demonstrate that there is *no possibility that the plaintiff will be able to establish a cause of action* in state court against the alleged sham defendant." *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998)(internal quotation omitted).[1] The Defendants do **not** meet this burden.

Defendants do not demonstrate that there is no possibility that Plaintiff will be able to establish its sixth cause of action as to the Cartwright Act against Messrs. Kissane and Pack. The Complaint alleges that both Messrs. Kissane and Pack "knew and acted in concert with the other Defendants to maintain the dual rating system." (Complaint ¶ 32, 33). More specifically, the Complaint alleges that Messrs. Kissane and Pack did so through participation in two different industry conferences. First is the Information Management Network's Municipal Finance Conference held in the last two years at the Ritz Carlton Hotel in San Francisco:

---

[1] *See generally*, Schwarzer, Tashima, Wagstaffe, California Practice Guide-Federal Civ.Proc. Before Trial, Rutter Group (2008), § 2.672 ("[T]he question is simply whether there is *any possibility* that plaintiff will be able to establish liability against the party in question."). *See also, Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)("Joinder of a non-diverse defendant is deemed fraudulent . . . if the plaintiff fails to state a cause of action and the failure is obvious according to the settled rules of the state.")(internal quotation omitted); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)(same). The Court's tentative ruling remains the same under any of these formulations.

MINUTES FORM 90                                              Initials of Deputy Clerk __kb__
CIVIL - GEN

> Representatives of the Credit Rating Agencies are present at this conference as are senior representatives of the Defendant insurance companies, including Defendant Jason Kissane, the head of MBIA's San Francisco office and MBIA's West Coast operations, Defendant Neil Pack, the current head of CIFG's San Francisco office, as well as Kathleen McDonough, a senior managing director at Defendant Ambac. *At this conference, they discussed the municipal bond insurance industry and how to maintain the bond insurance business by perpetuating the dual rating system.* (Compl. ¶133)(emphasis added)

Second—and somewhat less precise as to the Individual Defendants' actual furtherance of the alleged conspiracy—is the Bond Buyer's 17th Annual California Public Finance Conference held in Carlsbad, California in 2007:

> Both Defendants Jason Kissane and Neil Pack were present at the California Public Finance Conference *where the issues alleged in this complaint were discussed*. Representatives from most of the Defendant insurance companies, as well as representatives from the Credit Ratings Agencies[,] were also all present at the conference and discussed the allegations made above. (*Id.* at ¶134)(emphasis added).

Defendants point out that in *In re Graphics Processing Units Antitrust Litigation*, 527 F.Supp.2d 1011, 1023 (N.D. Cal. 2007), a price-fixing case, the mere allegations of attendance at industry conferences were insufficient to survive a motion to dismiss:

> The sum of their allegations of agreement is that executives from [two competitors] attended the same conferences and trade meetings. Attendance at industry trade shows and events is presumed legitimate and is not a basis from which to infer a conspiracy, without more. . . .[T]here are no allegations that representatives [from the two competitors] actually met or spoke with one another during those widely-attended conferences. *Here, plaintiffs have pleaded no facts indicating that*

>  *defendants' attendance at trade shows and conferences was part of a conspiracy*. (emphasis added).

By contrast, the Complaint here expressly alleges (as quoted further above) that the Individual Defendants conversed about the dual rating system, at least at the Municipal Finance Conference at the Ritz Carlton. (Compl. ¶133). For the purposes of deciding this Motion, it appears that the elements of a Cartwright cause of action are adequately stated against the Individual Defendants. *See Chicago Title Ins. Co. v. Great Western Fin. Corp.*, 69 Cal. 2d 305, 316 (Cal. 1968).

Further, although unnecessary to the Court's determination, there is additional evidence of a violation that this Court may consider in deciding the fraudulent joinder question. See Schwarzer, Tashima, Wagstaffe, California Practice Guide-Federal Civ.Proc. Before Trial, Rutter Group (2008), § 2.681 ("The district court may also consider affidavits or other evidence (presented by either party) on the issue whether a particular defendant's joinder is 'sham' or 'fraudulent.'"). Specifically, Plaintiff asks the Court to take Judicial Notice of a similar complaint which the City of Oakland subsequently filed against the same defendants, which includes additional specific allegations of the conspiracy (including allegations by the Connecticut Attorney General). See RJN ¶101-108.

The declarations of Messrs. Kissane and Pack are insufficient to discharge the Defendants' burden. As Plaintiff points out, the Individual Defendants do not deny communicating with other municipal bond insurers or with Credit Rating Agencies, but rather, basically declare that they never had any *conspiratorial* communications with them. (*See* Kissane Decl. ¶ 7-9; Pack Decl. ¶ 14-15).

Last, Defendants cite insufficient legal authority which would preclude Messrs. Kissane and Pack from personal liability if a violation is established. See *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc*. 1 Cal. 3d 586, 595 (1970)("officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, **unless they participate in the wrong** or authorize or direct that it be done.")(emphasis added).

In sum, Defendants fail to demonstrate that "there is no possibility" that Plaintiff will be able to establish a Cartwright claim against the Individual Defendants. *See Diaz*, 185 F.R.D. at 586 (C.D. Cal. 1998). Accordingly, the Defendants fail to demonstrate diversity jurisdiction, and the Motion to Remand should be granted. Given the findings set forth above as to the Cartwright Act claim, it is not necessary for the Court to address the fourth cause of action as to Negligent Misrepresentation.